COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| ERIC FLORES, | § | No. 08-12-00233-CR |
| Appellant, | § | Appeal from the |
| v. | § | 384th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20110D01621) |
|  | § |  |

## MEMORANDUM   OPINION

This matter is before us on our own motion to determine whether it should be dismissed. Because Appellant is attempting to appeal the trial court's denial of his motion to suppress in a case that has not yet proceeded to judgment, we lack jurisdiction.   Accordingly, the appeal will be dismissed.

Eric Flores is charged with burglary.   On July 9, 2012, Flores filed a notice of appeal challenging the trial court's July 5, 2012 oral pronouncement denying his motion to suppress. The documents before the Court reflect that the case has not yet proceeded to trial and judgment.

As a general rule, an appellate court has jurisdiction to consider an appeal by a criminal defendant only after a final judgment of conviction.   *Workman v. State*, 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (1961); *Wright v. State*, 969 S.W.2d 588, 589 (Tex.App.--Dallas 1998, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex.App.--Fort Worth 1996, no pet.).   An intermediate appellate court has no jurisdiction to review interlocutory orders absent express authority.

*Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *Wright*, 969 S.W.2d at 589. Interlocutory orders that we may consider include: (1) certain appeals while a defendant is on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex.Crim.App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright*, 969 S.W.2d at 589; *McKown*, 915 S.W.2d at 161. An order denying a motion to suppress is not an interlocutory order that an intermediate appellate court has express authority to consider. *Bertrand v. State*, No. 14-11-01107-CR, 2012 WL 113074, *1 (Tex.App.--Houston [14th Dist.] Jan. 12, 2012, no pet.)(mem. op., not designated for publication); *Brandon v. State*, No. 05-10-01040-CR, 2010 WL 3529528, *1 (Tex.App.--Dallas Sept. 13, 2010, no pet.)(mem. op., not designated for publication).

In this case, there is no final judgment of conviction and the order from which Flores appeals is the trial court's order denying his motion to suppress. Because this is an interlocutory order that we have no express authority to consider, we lack jurisdiction over Flores's appeal. *See Bertrand*, 2012 WL 113074, at *1; *Brandon*, 2010 WL 3529528, at *1. Accordingly, we dismiss the appeal for want of jurisdiction. Appellant's *pro se* motion to request permission to proceed *informa pauperis* on appeal is denied as moot.


September 12, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)