COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 ERIC FLORES,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-12-00233-CR
  
 Appeal from the
  
 384th
 District Court
  
 of El
 Paso County, Texas 
  
 (TC# 20110D01621) 
  
 
 


 

MEMORANDUM
 OPINION

This matter is
before us on our own motion to determine whether it should be dismissed.  Because Appellant is attempting to appeal the
trial court’s denial of his motion to suppress in a case that has not yet
proceeded to judgment, we lack jurisdiction. 
Accordingly, the appeal will be dismissed.

Eric Flores is
charged with burglary.  On July 9, 2012,
Flores filed a notice of appeal challenging the trial court’s July 5, 2012 oral
pronouncement denying his motion to suppress. 
The documents before the Court reflect that the case has not yet
proceeded to trial and judgment.

As a general rule,
an appellate court has jurisdiction to consider an appeal by a criminal
defendant only after a final judgment of conviction.  Workman
v. State, 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (1961); Wright v. State, 969 S.W.2d 588, 589
(Tex.App.--Dallas 1998, no pet.); McKown
v. State, 915 S.W.2d 160, 161 (Tex.App.--Fort Worth 1996, no pet.).  An intermediate appellate court has no
jurisdiction to review interlocutory orders absent express authority.  Apolinar
v. State, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); Wright, 969 S.W.2d at 589. 
Interlocutory orders that we may consider include:  (1) certain appeals while a defendant is on
deferred adjudication community supervision, Kirk v. State, 942 S.W.2d 624, 625 (Tex.Crim.App. 1997); (2)
appeals from the denial of a motion to reduce bond, Tex. R. App. P. 31.1; McKown,
915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus
relief, Wright, 969 S.W.2d at 589; McKown, 915 S.W.2d at 161.  An order denying a motion to suppress is not an
interlocutory order that an intermediate appellate court has express authority
to consider.  Bertrand v. State, No. 14-11-01107-CR, 2012 WL 113074, *1
(Tex.App.--Houston [14th Dist.] Jan. 12, 2012, no pet.)(mem. op., not
designated for publication); Brandon v. State,
No. 05-10-01040-CR, 2010 WL 3529528, *1 (Tex.App.--Dallas Sept. 13, 2010, no
pet.)(mem. op., not designated for publication).

In this case, there
is no final judgment of conviction and the order from which Flores appeals is
the trial court’s order denying his motion to suppress.  Because this is an interlocutory order that we
have no express authority to consider, we lack jurisdiction over Flores’s
appeal.  See Bertrand, 2012 WL 113074, at *1; Brandon, 2010 WL 3529528, at *1. 
Accordingly, we dismiss the appeal for want of jurisdiction.  Appellant’s pro se motion to request permission to proceed informa pauperis on appeal is denied as moot.

 

 

September 12, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)