**Richard Chester WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–98–00168–CR.**

Court of Appeals of Texas, Dallas.

May 15, 1998.

1. The second point of error alleged punitive damages were not allowable as a matter of law.

Barrett Keith Brown, Law Offices of Barrett Keith Brown, Sherman, for Appellant.

Thomas H. Fowler, Assistant County Attorney, Sherman, for State.

Before THOMAS, C.J., and BRIDGES and ROACH, JJ.

## OPINION

THOMAS, Chief Justice.

■ Richard Chester Wright appeals a pretrial order revoking his bond. Appellant was arrested for felony driving while intoxicated and released on bond January 10, 1997. The State subsequently moved to revoke appellant's bond for failure to comply with conditions of bail. After hearing, appellant's bond was revoked, giving rise to this appeal. The State contends that because the order revoking bond is an interlocutory order, this Court lacks jurisdiction over the appeal. We agree.

■ As a general rule, an appellate court may consider appeals by criminal defendants only after conviction. *See Ex parte Shumake,* 953 S.W.2d 842, 844 (Tex.App.—Austin 1997, no pet.). Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express authority. *See Ex parte Apolinar v. State,* 820 S.W.2d 792, 794 (Tex.Crim.App.1991); *McKown v. State,* 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Narrow exceptions exist to this general rule:

- appeals while on unadjudicated community supervision, *see Kirk v. State,* 942 S.W.2d 624, 625 (Tex.Crim.App.1997); *Dillehey v. State,* 815 S.W.2d 623, 626 (Tex.Crim.App.1991);

- denial of a motion to reduce bond, *see* Tex.R.App. P. 31.1 (former rule 44(a)); *Clark v. Barr,* 827 S.W.2d 556, 557 (Tex. App.—Houston [1st Dist.] 1992);

- denial of habeas corpus relief in extradition cases, *see McPherson v. State,* 752 S.W.2d 178, 179 (Tex.App.—San Antonio, pet. ref'd, untimely filed);

- denial of habeas corpus relief while on unadjudicated community supervision, *see Ex parte McCullough,* 966 S.W.2d 529, 531 (Tex.Crim.App.1998);

- denial of pretrial applications of writs of habeas corpus alleging double jeopardy, *see Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Crim.App. [Panel Op.] 1982).

■ This appeal does not fall within one of the exceptions to the rule, nor are we in-

clined to construe rule 31.1 of the rules of appellate procedure to encompass a direct appeal of a pretrial order revoking bond. *See* TEX.R.APP. P. 31.1; *see also Ex parte Shumake*, 953 S.W.2d at 846–47 (pretrial order raising bail not appealable order). We conclude this Court is without jurisdiction to entertain this appeal.

Accordingly, we **DISMISS** this appeal for want of jurisdiction.