Dismissed and Memorandum Opinion filed July 8, 2004









Dismissed and Memorandum Opinion filed July 8, 2004.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00535-CR

____________

 

RONALD DALE
RAINER, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
268th District Court

Fort Bend
County, Texas

Trial Court Cause No. 10,436

 



 

M E M O R A N D U M   O P I N I O N








Appellant entered a plea of guilty to the offense of
burglary, and on November 15, 1976, he was sentenced to probation for five
years.  On February 2, 1979, the trial
court signed an order revoking appellant=s probation and
sentencing him to confinement for two years in the Texas Department of
Corrections.  According to information
provided by the Fort Bend County District Clerk=s office, on
January 14, 2004, the Texas Court of Criminal Appeals dismissed appellant=s application for
writ of habeas corpus without a written order. 
On May 4, 2004, appellant filed a motion to obtain copies of all
documents, evidence and transcripts relating to his criminal conviction in
cause number 10,436 for use in preparation of a post-conviction writ of habeas
corpus.  On May 12, 2004, the trial court
signed an order denying appellant=s motion.  On May 25, 2004, appellant filed a notice of
appeal from the trial court=s order.  We dismiss the appeal for want of
jurisdiction.

A defendant in a criminal case has the
right of appeal under Code of Criminal Procedure Article 44.02 and the Rules of
Appellate Procedure.  Tex. R. App. P. 25.2; Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 1979);  see also Wright v.
State, 969 S.W.2d 588, 589-90 (Tex. App.CDallas 1998, no
pet.) (identifying the types of interlocutory orders that are appealable).  AThe courts of
appeals do not have jurisdiction to review interlocutory orders unless that
jurisdiction has been expressly granted by law.@ Apolinar v.
State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); see also Wolfe v.
State, 120 S.W.3d 368, 372 (Tex. Crim. App. 2003) (holding there is no
right to appeal post-conviction motion absent specific legislative
authority).  No statute or rule vests
this court with jurisdiction over his post-conviction motion.  Moreover, we have no jurisdiction over
post-conviction writs of habeas corpus in 
felony cases.  Tex. Code Crim. Proc. Ann. art. 11.07, ' 3 (Vernon
Supp.2004).  Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed July 8, 2004.

Panel consists
of Chief Justice Hedges and Justices Frost and Guzman. 

Do Not Publish C Tex. R.
App. P. 47.2(b).