Dismissed and Memorandum Opinion filed October 7, 2004









Dismissed and Memorandum Opinion filed October 7,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00922-CR



 

____________

 

JOSUE DAVID
BERNAL, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
178th District Court

Harris County,
Texas

Trial Court Cause No.
709,911

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed March 19,
2004, denying appellant=s motion to obtain a copy of the record from his 1996 murder
conviction.[1]  We dismiss the appeal for want of
jurisdiction.








Generally, an appellate court has jurisdiction to consider an
appeal by a criminal defendant only if there has been a final judgment of
conviction.  Workman v. State, 170
Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); McKown v. State, 915 S.W.2d
160, 161 (Tex. App.CFort Worth 1996, no pet.). 
There are limited exceptions to this rule.  Certain appeals from deferred adjudication
community supervision are permitted.  Kirk
v. State, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997).  In addition, appeals from the denial of
motions to reduce bond may be prosecuted. 
See Tex. R. App. P.
31.1; McKown, 915 S.W.2d at 161. 
Certain appeals from the denial of habeas corpus relief are also
allowed.  Wright v. State, 969
S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.); McKown, 915 S.W.2d at 161.  More recently, the legislature provided for
the appeal of orders denying post-conviction forensic DNA testing.  See Tex.
Code Crim. Proc. Ann. Art. 64.05 (Vernon Supp. 2004).

This appeal does not fall within the exceptions to the
general rule that an appeal may be taken only from a final judgment of
conviction.  In addition, there is no
statutory provision permitting the appeal sought in this case.  Therefore, we lack jurisdiction over the
appeal.  In the absence of jurisdiction,
we may take no action other than to dismiss the appeal.  See Slaton v. State, 981 S.W.2d 208,
210 (Tex. Crim. App. 1998).  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed October 7, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  This court
affirmed appellant=s conviction on direct appeal.  See Bernal v. State, No.
14-96-01442-CR, (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d) (not designated for publication).