Dismissed and Memorandum Opinion filed April 13, 2006









Dismissed and Memorandum Opinion filed April 13, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00289-CR



 

____________

 

JESSICA
APPLEGATE, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
230th District Court

Harris County, Texas

Trial Court Cause No.
1032069

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to credit card abuse.  On September 12, 2005, the trial judge
deferred adjudication of guilt, placed appellant on community supervision for
four years, and ordered restitution.  On
February 27, 2006, the State filed a motion to adjudicate guilt.  After a hearing, on March 2, 2006, the trial
court dismissed the motion to adjudicate and signed an order amending appellant=s conditions of community
supervision.  Appellant filed a pro se notice
of appeal on March 13, 2006.  








Generally, an appellate court only has jurisdiction to
consider an appeal by a criminal defendant where there has been a final
judgment of conviction.  Workman v.
State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); McKown v. State,
915 S.W.2d 160, 161 (Tex. App.CFort Worth 1996, no pet.). 
The exceptions include:  (1)
appeals from an order deferring adjudication of guilt, Manuel v. State, 994
S.W.2d 658, 661 (Tex. Crim. App. 1999); (2) appeals from the denial of a motion
to reduce bond, Tex. R. App. P.
31.1; McKown, 915 S.W.2d at 161; and (3) certain appeals from the denial
of habeas corpus relief, Wright v. State, 969 S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.); McKown,
915 S.W.2d at 161.  

To the extent appellant is attempting to appeal the order
deferring adjudication of guilt signed September 12, 2005, her notice of appeal
filed March 13, 2006, is untimely.  See
Tex. R. App. P. 26.2.  In addition, an direct appeal is not
permitted from an order modifying the conditions of deferred adjudication
community supervision.  See Basaldua
v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977).  

Because this appeal does not fall within the exceptions to
the general rule that an appeal may be taken only from a final judgment of
conviction, we have no jurisdiction. 

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 13, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman. 

Do Not Publish C Tex. R. App. P. 47.2(b).