Dismissed and Memorandum Opinion filed November 6, 2008








Dismissed
and Memorandum Opinion filed November 6, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00982-CR

 

____________

 

HORRACE DEMAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
176th District Court

Harris County, Texas

Trial Court Cause No.
589874

 



 

M E M O R A N D U M   O P I N I O N

A jury
convicted appellant of attempted capital murder, and on April 9, 1991, the
trial court sentenced him to confinement for fifty years in prison.  On April
14, 2008, appellant filed a motion for discovery and inspection of specific
evidence, which the trial court denied the same day.  On October 3, 2008,
appellant filed a pro se notice of appeal.








Generally,
an appellate court has jurisdiction to consider an appeal by a criminal
defendant only after a final judgment of conviction.  Workman v. State,
170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961);  McKown v. State, 915
S.W.2d 160, 161  (Tex. App.CFort Worth 1996, no pet.).  The exceptions include:  (1)
certain appeals while on deferred adjudication community supervision, Kirk
v. State, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the
denial of a motion to reduce bond, Tex.
R. App. P. 31.1; McKown, 915 S.W.2d at 161; and (3) certain
appeals from the denial of habeas corpus relief, Wright v. State, 969
S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.); McKown, 915 S.W.2d at 161. 

The
denial of a motion for discovery and inspection of evidence is not a separately
appealable order.  Because this appeal does not fall within the exceptions to
the general rule that an appeal may be taken only from a final judgment of
conviction, we have no jurisdiction to review the ruling on the motion. 

Moreover,
the notice of appeal is untimely.  A defendant=s notice of appeal must be filed
within thirty days after sentence is imposed when the defendant has not filed a
motion for new trial, or within thirty days after the trial court enters an
appealable order.  See Tex. R.
App. P. 26.2(a)(1).  A notice of appeal that complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998).  If an appeal is not timely perfected, a court of appeals does not
obtain jurisdiction to address the merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.  Id.

Accordingly,
the appeal is ordered dismissed.

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed
November 6, 2008.

Panel consists of Chief Justice Hedges and Justices
Guzman and Brown. 

Do Not Publish C
Tex. R. App. P. 47.2(b).