# NO. 12-09-00088-CR
# NO. 12-09-00089-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID L. JENKINS, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant David Lancelot Jenkins, Jr. was convicted of aggravated sexual assault of a child and sentenced to imprisonment for fifty-five years (12-09-00088-CR). He was also convicted of indecency with a child by sexual contact and sentenced to imprisonment for twenty years (12-09-00089-CR). He subsequently filed a motion in the trial court requesting appointment of counsel to assist him in obtaining certain public information not otherwise available to him because he is imprisoned in a correctional facility. *See* TEX. GOV'T CODE ANN. § 552.028(a) (Vernon 2004) (governmental body not required to accept or comply with request for information from individual imprisoned in a correctional facility or agent of that individual, other than the individual's attorney requesting information subject to disclosure). The trial court denied Appellant's motion, and Appellant timely filed a notice of appeal from this order.

As a general rule, an appeal in a criminal case may be taken only from a judgment of conviction. *See* **Workman v. State**, 170 Tex. Crim. 621, 622, 343 S.W.2d 446, 447 (Tex. Crim. App.1961). However, there are certain narrow exceptions. **Wright v. State**, 969 S.W.2d 588, 589 (Tex. App.–Dallas 1998, no pet.) (listing exceptions). The order Appellant complains of is not a judgment of conviction nor does it fall within any exception to the general rule. Therefore, we have no jurisdiction over the appeals.

On March 26, 2009, this court notified Appellant that the information received in these appeals does not include a final judgment or other appealable order and therefore does not show the jurisdiction of this court. *See* TEX. R. APP. P. 37.2. Appellant was further notified that the appeals would be dismissed unless the information was amended on or before April 27, 2009 to show the jurisdiction of this court. *See* TEX. R. APP. P. 44 .3. Appellant responded to this court's March 26, 2009 notice by providing a signed copy of the trial court's order. In light of the rules set forth above, however, this is insufficient to establish the jurisdiction of this court.

The order Appellant challenges in these appeals is not an appealable order. Accordingly, the appeals are ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered April 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)