NO. 12-09-00088-CR


NO. 12-09-00089-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



DAVID L. JENKINS, JR.,
§
 APPEAL FROM THE 402ND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 WOOD COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 Appellant David Lancelot Jenkins, Jr. was convicted of aggravated sexual assault of a child
and sentenced to imprisonment for fifty-five years (12-09-00088-CR). He was also convicted of 
indecency with a child by sexual contact and sentenced to imprisonment for twenty years (12-09-00089-CR). He subsequently filed a motion in the trial court requesting appointment of counsel to
assist him in obtaining certain public information not otherwise available to him because he is
imprisoned in a correctional facility. See Tex. Gov't Code Ann. § 552.028(a) (Vernon 2004)
(governmental body not required to accept or comply with request for information from individual
imprisoned in a correctional facility or agent of that individual, other than the individual's attorney
requesting information subject to disclosure). The trial court denied Appellant's motion, and
Appellant timely filed a notice of appeal from this order.

 As a general rule, an appeal in a criminal case may be taken only from a judgment of
conviction. See Workman v. State, 170 Tex. Crim. 621, 622, 343 S.W.2d 446, 447 (Tex. Crim.
App.1961). However, there are certain narrow exceptions. Wright v. State, 969 S.W.2d 588, 589
(Tex. App.-Dallas 1998, no pet.) (listing exceptions). The order Appellant complains of is not a
judgment of conviction nor does it fall within any exception to the general rule. Therefore, we have
no jurisdiction over the appeals.

 On March 26, 2009, this court notified Appellant that the information received in these
appeals does not include a final judgment or other appealable order and therefore does not show the
jurisdiction of this court. See Tex. R. App. P. 37.2. Appellant was further notified that the appeals
would be dismissed unless the information was amended on or before April 27, 2009 to show the
jurisdiction of this court. See Tex. R. App. P. 44 .3. Appellant responded to this court's March 26,
2009 notice by providing a signed copy of the trial court's order. In light of the rules set forth above,
however, this is insufficient to establish the jurisdiction of this court. 

 The order Appellant challenges in these appeals is not an appealable order. Accordingly, 
the appeals are dismissed for want of jurisdiction. See Tex. R. App. P. 42.3(a).

Opinion delivered April 30, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.














(DO NOT PUBLISH)