

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00455-CR
### NO. 02-10-00456-CR
### NO. 02-10-00457-CR
### NO. 02-10-00458-CR
### NO. 02-10-00459-CR
### NO. 02-10-00460-CR
### NO. 02-10-00461-CR
### NO. 02-10-00462-CR
### NO. 02-10-00463-CR

KORY MICHAEL GAUTREAUX                                         APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Kory Michael Gautreaux filed a notice of appeal from the trial

court's October 20, 2010 order granting the State's motion to declare a conflict of

---

[1]*See* Tex. R. App. P. 47.4.

interest and to disqualify counsel.[2]  On October 26, 2010, we notified Gautreaux of our concern that we lack jurisdiction over these appeals because the trial court had not entered any appealable orders, and we informed him that the appeals may be dismissed for want of jurisdiction unless he or any party desiring to continue the appeals filed with the court, by November 5, 2010, a response showing grounds for continuing the appeals.  We have not received a response.

Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction.  *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).  We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted to us by law.  *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).  An order granting a motion to disqualify counsel is neither a judgment of conviction nor an otherwise appealable interlocutory order.  *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (listing appealable interlocutory orders).

Accordingly, we dismiss these appeals for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f); *Kearny v. State*, No. 05-07-01155-CR, 2007 WL 2897755, at *1 (Tex. App.—Dallas Oct. 5, 2007, no pet.) (mem. op., not designated for publication) (dismissing appeal of order granting State's motion to disqualify counsel for want of jurisdiction).

PER CURIAM

---

[2]The State moved to disqualify "Jim Renforth, Jim Shaw, Ben Leonard or anyone in the law firm of Jim Shaw or any lawyer that they work with."

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 9, 2010