02-10-455-CR through 02-10-463-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00455-CR

NO. 02-10-00456-CR

NO. 02-10-00457-CR

NO. 02-10-00458-CR

NO. 02-10-00459-CR

NO. 02-10-00460-CR

NO. 02-10-00461-CR

NO. 02-10-00462-CR

NO. 02-10-00463-CR

 

 


 
 
 Kory Michael Gautreaux
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
297th District Court OF Tarrant
COUNTY

------------

MEMORANDUM
OPINION[1]

------------

          Appellant Kory Michael Gautreaux filed a notice of appeal from the trial court’s
October 20, 2010 order granting the State’s motion to declare a conflict of
interest and to disqualify counsel.[2]  On October 26, 2010, we notified Gautreaux of our concern that we lack jurisdiction over
these appeals because the trial court had not entered any appealable orders,
and we informed him that the appeals may be dismissed for want of jurisdiction
unless he or any party desiring to continue the appeals filed with the court,
by November 5, 2010, a response showing grounds for continuing the
appeals.  We have not received a
response.

          Generally, we only have jurisdiction
to consider an appeal by a criminal defendant where there has been a judgment
of conviction.  McKown v. State, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).  We do not have jurisdiction to review
interlocutory orders unless that jurisdiction has been expressly granted to us
by law.  Ex parte Apolinar,
820 S.W.2d 792, 794 (Tex. Crim. App. 1991).  An order granting a motion to disqualify
counsel is neither a judgment of conviction nor an otherwise appealable
interlocutory order.  See Wright
v. State, 969 S.W.2d 588,
589 (Tex. App.—Dallas 1998, no pet.) (listing
appealable interlocutory orders).

          Accordingly, we dismiss these appeals
for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f); Kearny v. State, No. 05-07-01155-CR,
2007 WL 2897755, at *1 (Tex. App.—Dallas Oct. 5, 2007, no pet.) (mem. op., not designated for publication) (dismissing appeal of order granting State’s motion to
disqualify counsel for want of jurisdiction).

 

 

PER CURIAM

 

PANEL:  MEIER, J.;
LIVINGSTON, C.J.; and GABRIEL, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 9, 2010











[1]See Tex. R. App. P. 47.4.





[2]The
State moved to disqualify “Jim Renforth, Jim Shaw,
Ben Leonard or anyone in the law firm of Jim Shaw or any lawyer that they work
with.”