

# NUMBER 13-13-00074-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**WILLIAM CHARLES WEBB,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

---

### On appeal from the 54th District Court
### of McLennan County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam

Appellant, William Charles Webb, pro se, attempted to perfect an appeal from an order entered by the 54th District Court of McLennan County, Texas, in cause no. 2012-675-C2.[1] Upon review of the documents before the Court, it appeared that the

---

[1] The appeal was transferred to this Court from the Tenth Court of Appeals pursuant to a docket

order from which this appeal was taken was not a final appealable order. The Clerk of the Tenth Court of Appeals notified appellant that it appeared that he was appealing the trial court's grant of his attorney's motion to withdraw and that the cause was subject to dismissal. Appellant was advised that, if the defect was not corrected within 21 days from the date of receipt of the notice, the appeal would be dismissed for want of jurisdiction. Appellant failed to respond to the court's notice.

A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

The Court, having examined and fully considered the notice of appeal and

---

equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

documents before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein.  Accordingly, this appeal is DISMISSED for lack of jurisdiction.

PER CURIAM

Do not publish.    *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of April, 2013.