**Dismissed and Memorandum Opinion filed September 12, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00691-CR

**SU THANH NGUYEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 69257**

# MEMORANDUM OPINION

On August 2, 2013, a notice of appeal was assigned to this court. According to appellant's *pro se* notice of appeal and the assignment from the Brazoria County District Clerk, appellant's criminal case was set for trial on August 5, 2013. Appellant also filed a motion to dismiss the charge against him and an emergency request to stay the underlying proceedings. These motions were denied August 5, 2013.

Generally, an appellate court has jurisdiction only to consider an appeal by a

criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). There are some limited exceptions, not applicable here, permitting an interlocutory order to be appealed. *See, e.g., Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997) (recognizing that certain orders while a defendant is on deferred adjudication community supervision may be appealed); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (identifying some orders denying pre-trial habeas corpus relief that may be appealed).

At the time appellant attempted to appeal, no sentence had been entered and no judgment of conviction had been signed. In a criminal case, a notice of appeal is not effective if it is filed before the trial court makes a finding of guilt or receives a jury verdict. Tex. R. App. P. 27.1(b). Therefore, even if appellant were subsequently convicted of the charged offense, the premature notice of appeal is not effective to appeal the judgment of conviction. *Id.*

Because it appeared that we lack jurisdiction over this attempted appeal, on August 15, 2013, this court notified appellant that we would consider dismissal of the appeal for want of jurisdiction unless he filed a response by August 26, 2013, demonstrating our jurisdiction over the appeal. No response was filed.

Accordingly, we conclude that we are without jurisdiction over this attempted appeal and order it dismissed.

PER CURIAM

Panel consists of Justices Brown, Christopher, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).