

# Fourth Court of Appeals
## San Antonio, Texas

October 15, 2014

No. 04-14-00702-CR

Charlotte A. **LEAL**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5723
Honorable Ron Rangel, Judge Presiding

## O R D E R

Appellant is attempting to appeal the trial court's denial of her motion to suppress signed on October 8, 2014. It appears, however, from the documents before the Court that the case has not yet proceeded to trial and judgment.

As a general rule, an appellate court has jurisdiction to consider an appeal by a criminal defendant only after a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *Wright v. State,* 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown v. State,* 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). An intermediate appellate court has no jurisdiction to review interlocutory orders absent express authority. *Ex parte Apolinar,* 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Wright,* 969 S.W.2d at 589. An order denying a motion to suppress is not an interlocutory order that an intermediate appellate court has express authority to consider. *See Wright,* 969 S.W.2d at 589 (noting types of appealable interlocutory orders); *Brandon v. State,* No. 05–10–01040–CR, 2010 WL 3529528, *1 (Tex. App.—Dallas Sept. 13, 2010, no pet.) (mem. op., not designated for publication).

Therefore, Appellant is ORDERED to show cause in writing why this appeal should not be dismissed for lack of jurisdiction within twenty days from the date of this order.

All other appellate deadlines are SUSPENDED pending our resolution of the jurisdictional issue.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of October, 2014.

_____
Keith E. Hottle
Clerk of Court