

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00702-CR & 04-14-00703-CR

Charlotte A. **LEAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2013CR5723 & 2103CR5724
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  November 19, 2014

DISMISSED FOR LACK OF JURISDICTION

On October 3, 2014, the trial court denied appellant Charlotte Leal's "Motion to Suppress Blood Evidence." Five days later, on October 8, 2014, appellant filed a notice of appeal. We conclude we lack jurisdiction over the appeal.

The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *see also* TEX. CODE CRIM. PROC. 44.02 art. (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). As a general rule, appellate courts may consider appeals by criminal defendants only

after conviction. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.). Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express authority. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Wright*, 969 S.W.2d at 589.

Orders denying pretrial motions to suppress are not appealable interlocutory orders. *See Wright*, 969 S.W.2d at 589 (identifying types of appealable interlocutory orders). Therefore, we have no jurisdiction over this appeal, and order the appeal dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH