

# Fourth Court of Appeals
## San Antonio, Texas

October 27, 2015

No. 04-15-00628-CR

Steven Mitchell **GARY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR2945
Honorable Mary D. Roman, Judge Presiding

# O R D E R

On September 10, 2015, Steven Mitchell Gary filed a pro se notice of appeal. The notice of appeal states that Gary was given a personal recognizance bond on February 24, 2014, which was "subsequently revoked" by the trial judge. The notice states that Gary wishes to appeal the judge's decision to revoke his bond. On October 8, 2015, the clerk's record was filed. It reflects that there is no judgment in the underlying trial court cause and that this appeal is interlocutory.

Courts of appeal have jurisdiction of an appeal by a criminal defendant only after a conviction or when an interlocutory appeal is specifically authorized by statute. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The Texas Court of Criminal Appeals has held that "[t]here is no constitutional or statutory authority granting courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Id.*; *see also Wright v. State*, 969 S.W.2d 588, 589-90 (Tex. App.—Dallas 1998, no pet.) (pretrial order revoking bond was interlocutory order and not appealable).

We therefore ORDER appellant to show cause on or before **November 10, 2015** why this appeal should not be dismissed for lack of jurisdiction. All appellate deadlines are suspended pending further order of this court.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of October, 2015.



_____
Keith E. Hottle
Clerk of Court