

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00333-CR
### NO. 02-15-00334-CR
### NO. 02-15-00335-CR
### NO. 02-15-00336-CR
### NO. 02-15-00337-CR

BARON D. BOSTICE                                                         APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 0957231D, 1001707R, 1001711R, 1001712R, 1001713R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Baron D. Bostice attempts to appeal from an order denying his motion for appointment of counsel to assist him with his habeas corpus proceeding. Generally an appeal in a criminal case may be taken only from a

---

[1]*See* Tex. R. App. P. 47.4.

judgment of conviction. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). The exceptions to this rule are few. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (listing exceptions); *McKown*, 915 S.W.2d at 161 (same).[2] The order Appellant complains of is not among those exceptions. Moreover, this court has no jurisdiction in criminal law matters pertaining to habeas corpus proceedings seeking relief from final felony convictions. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (West 2015); *Stewart v. State*, No. 12-10-00229-CR, 2010 WL 3341473, at *1 n.1 (Tex. App.— Tyler Aug. 25, 2010, no pet.) (mem. op, not designated for publication). Therefore, we have no jurisdiction over the appeals.

On October 2, 2015, this court notified Appellant that the information received in these appeals did not include an appealable order and that the court was, therefore, concerned it lacked jurisdiction.[3] *See* Tex. R. App. P. 37.1.[4] This

---

[2]One of the exceptions listed in *McKown* (the denial of a motion to reduce bond), after much dispute among the intermediate appellate courts, was ultimately overruled by the court of criminal appeals. *See Ragston v. State*, 424 S.W.3d 49, 51 n.2, 52 (Tex. Crim. App. 2014).

[3]The court's October 2, 2015 letter incorrectly identified the order Appellant was attempting to appeal as an order denying a request for the appointment of counsel to assist in filing a motion for post-conviction DNA testing. Because the nature of the jurisdictional error is the same, that is, the attempted appeal of an interlocutory order that is not among those identified as appealable; because the jurisdictional error is not correctable; and because Appellant has not responded, we have proceeded without sending a corrected letter. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) ("The courts of appeals do not have

court further notified Appellant that his appeals would be dismissed for want of jurisdiction unless he or any other party desiring to continue the appeals filed on or before October 12, 2015, a response showing grounds for continuing these appeals. *See* Tex. R. App. P. 44.3. This deadline has now passed, and Appellant has not responded to this court's October 2, 2015 notice. Accordingly, the appeal is dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 12, 2015

---

jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.").

[4]Appellant's notice of appeal specifies he wanted to appeal an order denying his motion for the appointment of counsel but does not specify the nature of the underlying proceeding. Attached to his notice of appeal are his motion and the order he wants to appeal, both of which identify the underlying proceeding as a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure.