

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00628-CR

Steven Mitchell **GARY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR2945
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting: Karen Angelini, Justice
    Marialyn Barnard, Justice
    Rebeca C. Martinez, Justice

Delivered and Filed:  December 9, 2015

DISMISSED FOR LACK OF JURISDICTION

On September 10, 2015, Steven Mitchell Gary filed a pro se notice of appeal. The notice of appeal stated that Gary was given a personal recognizance bond on February 24, 2014, which was "subsequently revoked" by the trial judge. The notice explained that Gary wishes to appeal the judge's decision to revoke his bond. On October 8, 2015, the clerk's record was filed. It reflects that there is no judgment in the underlying trial court cause and that this appeal is interlocutory.

Courts of appeal have jurisdiction of an appeal by a criminal defendant only after a conviction or when an interlocutory appeal is specifically authorized by statute. *See Ragston v.*

*State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The Texas Court of Criminal Appeals has held that "[t]here is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Id.*; *see also Wright v. State*, 969 S.W.2d 588, 589-90 (Tex. App.—Dallas 1998, no pet.) (pretrial order revoking bond was interlocutory order and not appealable).

We ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant filed a response indicating that this court does not have jurisdiction over this appeal. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish