

NUMBERS 13-17-00330-CR AND 13-17-00331-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DELIZA MENDOZA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 105th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION
**Before Justices Rodriguez, Contreras, and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Deliza Mendoza, pro se, filed a notice of appeal on May 22, 2017, from criminal cases currently pending against her in the 105th District Court of Nueces County, Texas. On June 22, 2017, the Clerk of this Court notified appellant that it appeared that there were no final appealable orders from which the appeals were taken, and requested

correction of this defect within ten days or the appeals would be dismissed. Appellant has failed to respond to the Court's directive. We dismiss the appeals for want of jurisdiction.

A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Our review of the documents before the Court shows that appellant's cases are still pending in the trial court and it does not reveal any appealable orders entered by the trial court within thirty days before the filing of appellant's notice of appeal. Moreover, the notices of appeal cannot be construed as premature because they were filed before

the trial court has made a finding of guilt or has received a jury verdict.   *See* Tex. R. App. P. 27.1(b).

The Court, having examined and fully considered the notices of appeal, is of the opinion that there are no appealable orders and this Court lacks jurisdiction over the matters herein.   Accordingly, the appeals are DISMISSED for lack of jurisdiction.

GINA M. BENAVIDES,
Justice

Do not publish.
*See* Tex. R. App. P. 47.2(b).

Delivered and filed the
3rd day of August, 2017.

3