

**NUMBER 13-18-00071-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**ORLANDO CAMPOS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 156th District Court
of Bee County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Longoria, and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant, Orlando Campos, proceeding pro se, filed a notice of appeal on January 31, 2018. Appellant sought to appeal a ruling issued on December 17, 2017, denying appellant's motion to receive transcripts from a suppression hearing. We dismiss the appeal.

A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App—Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

Our review of the documents before the Court does not reveal any appealable orders entered by the trial court within thirty days before the filing of appellant's notice of appeal. Moreover, it appears the trial court granted the State's motion to dismiss the cause on October 6, 2016 on grounds that the case was reindicted.

The Court, having examined and fully considered the notice of appeal, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein. Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are DISMISSED as moot.

2

LETICIA HINOJOSA
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of March, 2018.