

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00121-CR

---

PATRICK JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 10F0703-102

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Patrick Jones was convicted of tampering with a witness and was sentenced to five years' incarceration on April 12, 2011, in trial court cause number 10F0703-102. On May 20, 2019, Jones filed a motion styled "Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim" in trial court cause number 10F0703-102. The trial court entered an order on May 23, 2019, dismissing Jones' motion for want of jurisdiction.[1] Jones timely perfected an appeal from the trial court's order dismissing his motion for want of jurisdiction.

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the Legislature passes such authorizing legislation, in addition to granting its citizens that substantive right, it also grants the appellate courts of this state jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

As a general rule, the Texas Legislature has only authorized appeals from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but the trial court's May 23 order dismissing Jones' motion for want of jurisdiction does not fall within one of those exceptions.

By letter dated July 26, 2019, we informed Jones of the potential jurisdictional issue stemming from the lack of an appealable order and provided Jones an opportunity to demonstrate how we have

---

[1]In the absence of the filing of a post-judgment motion, the trial court's plenary power expires thirty days after the sentence or appealable order. *See* TEX. R. APP. P. 21.4; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005).

jurisdiction notwithstanding the noted defect. Although Jones filed a response to our letter, that response did not resolve the jurisdictional defect that prevents us from hearing his appeal.

Because the trial court's May 23, 2019, order dismissing Jones' motion for want of jurisdiction does not constitute an appealable order, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.


Scott E. Stevens
Justice


Date Submitted:        August 21, 2019
Date Decided:          August 22, 2019

Do Not Publish