

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00122-CR

_____

PATRICK JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 00F0101-202

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Patrick Jones was convicted of aggravated sexual assault and was sentenced to twenty years' incarceration on June 15, 2000, in trial court cause number 00F0101-202. On May 20, 2019, Jones filed a motion styled "Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim" in trial court cause number 10F0101-202. The trial court entered an order on May 31, 2019, dismissing Jones' motion for want of jurisdiction.[1] Jones timely perfected an appeal from the trial court's order dismissing his motion for want of jurisdiction.

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the Legislature passes such authorizing legislation, in addition to granting its citizens that substantive right, it also grants the appellate courts of this state jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

As a general rule, the Texas Legislature has only authorized appeals from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but the trial court's May 23 order dismissing Jones' motion for want of jurisdiction does not fall within one of those exceptions.

By letter dated July 26, 2019, we informed Jones of the potential jurisdictional issue stemming from the lack of an appealable order and provided Jones an opportunity to demonstrate how we have

---

[1]In the absence of the filing of a post-judgment motion, the trial court's plenary power expires thirty days after the sentence or appealable order. *See* TEX. R. APP. P. 21.4; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005).

jurisdiction notwithstanding the noted defect. Although Jones filed a response to our letter, that response did not resolve the jurisdictional defect that prevents us from hearing his appeal.

Because the trial court's May 31, 2019, order dismissing Jones' motion for want of jurisdiction does not constitute an appealable order, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.


Ralph K. Burgess
Justice

Date Submitted:     August 21, 2019
Date Decided:       August 22, 2019

Do Not Publish