**DISMISS and Opinion Filed January 20, 2021**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-20-00901-CR
_____

**EARL ANDREW CASTIGHANIE a/k/a EMIL ANDREW CASTIGHANIE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-52937-T**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Osborne

On June 8, 2020, Earl Andrew Castighanie a/k/a Emil Andrew Castighanie pleaded guilty under an agreement with the State to possession with intent to deliver less than one gram of 5-FLUORO MDMB-PICA. The trial court deferred adjudication of guilt, placing him on deferred adjudication community supervision for three years. On July 13, 2020, the State filed a motion to proceed with adjudication of guilt, alleging appellant violated various conditions of probation. Following a hearing, the trial court denied the State's motion and continued appellant on deferred adjudication probation. Appellant's notice of appeal from that

decision was filed on September 30, 2020. On January 4, 2021, we notified the parties that, after reviewing the clerk's record, it appeared the Court lacked jurisdiction and asked for letter briefs. Both appellant and the State filed letter briefs, agreeing that the Court lacked jurisdiction.

As a general rule, an appellate court may consider appeals by criminal defendants only after conviction. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.). With regard to deferred adjudication, the Texas Legislature has authorized appeal of only two types of orders: (1) an order granting deferred adjudication, and (2) an order imposing punishment accompanying an adjudication of guilt. *Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006). Orders modifying the terms or conditions of deferred adjudication are not in themselves appealable. *Id*.

Here, there is no judgment of conviction; rather, the trial court continued appellant on deferred adjudication. Under these circumstances, we do not have jurisdiction. *See id*.

We dismiss this appeal for lack of jurisdiction.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200901F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

EARL ANDREW CASTIGHANIE,
Appellant

No. 05-20-00901-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-52937-T.
Opinion delivered by Justice
Osborne. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered January 20, 2021