

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

Nos. 07-21-00269-CR
07-21-00270-CR
_____

VICTOR MORENO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court Nos. A-4582-16-02, A-4583-16-02; Honorable Kregg Hukill, Presiding

November 22, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Victor Moreno, an inmate proceeding pro se, attempts to appeal the trial court's orders denying his motion for a free copy of the trial records. We dismiss the appeals for want of jurisdiction.

In 2016, Appellant was convicted of aggravated assault with a deadly weapon[1] and burglary of a building.[2] He did not immediately appeal his convictions, but instead filed appeals in 2018. We dismissed the untimely appeals for want of jurisdiction before the clerk's record or reporter's record was created and filed.[3] In October 2021, Appellant filed a *Motion to Permit Discovery of Records Upon Showing of Good Cause / Particular Need* in each trial court cause, requesting copies of the trial record at no cost. The trial court denied the motion and Appellant appealed.

We have jurisdiction in criminal cases to consider an appeal from a judgment of guilt or where jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). The trial court's order denying Appellant's request for a free copy of the record is neither a judgment of guilt nor an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (identifying permissible interlocutory appeals); *Evans v. State*, No. 09-20-00264-CR, 2020 Tex. App. LEXIS 10351, at *1 (Tex. App.—Beaumont Dec. 30, 2020, no pet.) (per curiam) (mem. op., not designated for publication) ("No statute vests this Court with jurisdiction over an

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2).

[2] TEX. PENAL CODE ANN. § 30.02(c)(1).

[3] *See Moreno v. State*, Nos. 07-18-00123-CR, 07-18-00124-CR, 2018 Tex. App. LEXIS 2948, at *2 (Tex. App.—Amarillo Apr. 25, 2018, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing Appellant's untimely appeals from the aggravated assault and burglary convictions); *Moreno v. State*, No. 07-20-00136-CR, 2020 Tex. App. LEXIS 5118, at *1 (Tex. App.—Amarillo July 10, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing Appellant's untimely appeal from the aggravated assault conviction). *See also Moreno v. State*, No. 07-20-00239-CR, 2018 Tex. App. LEXIS 2948, at *2 (Tex. App.—Amarillo Sept. 15, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal from *Order on Defendant's Motion for Court Appointed Counsel* for want of jurisdiction); *Moreno v. State*, No. 07-21-00065-CR, 2021 Tex. App. LEXIS 3186, at *1-2 (Tex. App.—Amarillo Apr. 27, 2021, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal from *Order on Defendant's Motion to Reinstate Appeal* for want of jurisdiction).

appeal from an order denying a request for a free copy of the trial record when the request is not presented in conjunction with a timely-filed direct appeal.").

By letter of October 29, 2021, we directed Appellant to file a response showing how we have jurisdiction over the appeals. Appellant has filed a response but has not demonstrated grounds for continuing the appeals.

Accordingly, we dismiss the appeals for want of jurisdiction.

Per Curiam

Do not publish.