

# IN THE
## TENTH COURT OF APPEALS

### No. 10-23-00056-CR

**NICHOLE D. JONES,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 30645**

## MEMORANDUM OPINION

On February 23, 2023, appellant, Nichole D. Jones, filed a pro se notice of appeal challenging the trial court's January 23, 2023 order denying a motion to recuse or disqualify. Finding that the order is not subject to an interlocutory appeal, we dismiss the appeal for lack of jurisdiction.

The procedures for recusal of judges are set forth in the rules of civil procedure and apply to criminal cases. *See* TEX. R. CIV. P. 18a; *De Leon v. Aguilar*, 127 S.W.3d 1, 5

(Tex. Crim. App. 2014) (orig. proceeding); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). An order denying a motion to recuse is reviewable only on appeal from a final judgment. TEX. R. CIV. P. 18a(j)(1)(A). Absent a timely appeal of a final conviction or one that disposes of all issues and parties in the case, the appellate court lacks jurisdiction over a trial court's stand-alone order denying a motion to recuse. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *see also Earbin v. State*, No. 05-17-01402-CR, 2018 Tex. App. LEXIS 501, at **1-2 (Tex. App.—Dallas 2018, no pet.) (mem. op., not designated for publication) (citing *Green v. State*, 374 S.W.3d 434, 445 (Tex. Crim. App. 2012)).

Additionally, an order denying a motion to disqualify is interlocutory and "may be reviewed by mandamus and may be appealed in accordance with other law." *See* TEX. R. CIV. P. 18a(j)(2). "There is no 'other law' allowing an interlocutory appeal of an order denying a motion to disqualify in a criminal case." *Muhammad v. State*, No. 08-18-00125-CR, 2018 Tex. App. LEXIS 6206, at *2 (Tex. App.—El Paso Aug. 8, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Tijerina v. Conde*, No. 13-16-00212-CV, 2016 Tex. App. LEXIS 5281, at *2 (Tex. App.—Corpus Christi May 19, 2016, no pet.) (mem. op.) (dismissing an interlocutory appeal because no law provides for an interlocutory appeal of an order denying a motion to disqualify); *Gore v. Gore*, No. 05-13-01025-CV, 2014 Tex. App. LEXIS 2971, at **3-4 (Tex. App.--Dallas Mar. 17, 2014, no pet.) (mem. op.) (same)); *see Wright*, 969 S.W.2d at 589. Because there is no "other law" permitting the interlocutory

appeal of an order denying a motion to disqualify in a case such as this, the denial of the motion to disqualify may also be reviewed only upon appeal from a final judgment. *See Gore*, 2014 Tex. App. LEXIS 5218, at *4.

Appellant has not filed a petition for writ of mandamus challenging the denial of her motion to recuse or disqualify, nor is her appeal from a final judgment. Therefore, based on the foregoing, we dismiss appellant's appeal for lack of jurisdiction.

Notwithstanding that we are dismissing this appeal, appellant may filed a motion for rehearing with this Court within fifteen days after the judgment of this Court is rendered. *See* TEX. R. APP. P. 49.1. If appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within thirty days after either the day this Court's judgment is rendered or the day the last timely motion for rehearing is overruled by this Court. *See id.* at R. 68.2(a).

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
Appeal dismissed
Opinion delivered and filed March 15, 2023
Do not publish
[CR25]

