**DISMISS; and Opinion Filed January 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00075-CR

**ROY JON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. W92-63805-L**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Roy Jon was convicted of delivery of a controlled substance and sentenced to twenty-five years' imprisonment in 1992. No appeal was taken from that conviction. Appellant has filed several applications for writ of habeas corpus in both the state and federal courts.[1] On October 21, 2014, appellant filed an "application for writ of habeas corpus" in the trial court to obtain a copy of the trial court record so that he can file a post-conviction application for writ of habeas corpus. The trial court denied the "application" by written order dated December 18, 2014, and this appeal followed. We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be

---

[1] The background information is taken from the pro se brief appellant filed with his notice of appeal.

legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

In appellant's first issue in his pro se brief, he contends he was denied the right to appeal in 1992 due to ineffective assistance of counsel. In his second issue, he challenges the trial court's order denying his motion to obtain the trial record so that he can establish he was actually innocent of the charges and that trial counsel was ineffective in not appealing the conviction.

An order denying a motion for post-conviction access to the trial court record is not an appealable order. *See Wright*, 969 S.W.2d at 589. Moreover, this Court has no jurisdiction to review appellant's claim that trial counsel was ineffective in not filing a notice of appeal in 1992 and has no authority to grant appellant an out-of-time appeal. *See* TEX. R. APP. P. 26.2(a); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

We dismiss the appeal for want of jurisdiction.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150075F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROY JON, Appellant

No. 05-15-00075-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. W92-63805-L.
Opinion delivered by Justice Lang-Miers, Justices Bridges and Myers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 23rd day of January, 2015.