PD-0225-15

FEBRUARY 20, 2015

ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
SUPREME COURT BLDG.
201 W 14th ST. Rm 106
AUSTIN, TEXAS 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 24 2015
Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS
FEB 27 2015
Abel Acosta, Clerk

RE: STATE OF TEXAS VS ROY JON
TRIAL NO. W92-63805-L
APPELLANT NO. 05-15-00075-CR

DEAR MS. ACOSTA,

ENCLOSED PLEASE FIND THE FOLLOWING INSTRUMENTS TO BE FILED IN YOUR OFFICE. THE COURT REFUSE TO FORWARD THE DOCUMENTS AFTER IT RULE THAT IT did NOT HAVE JURISDICTION TO HERE THE CASE. THE TEXAS RULE OF APPELLATE PROCEDURE RULE 73. 4 GIVE THE COURT OF APPEALS AUTHORITY TO FORWARD THE DOCUMENTS TO THE COURT OF CRIMINAL APPEALS. THESE DOCUMENTS ARE AN APPEAL FROM THE TRIAL COURTS JUDGMENT. MS. ACOSTA, I AM REQUESTING THAT THE INSTRUMENTS BE PLACED BEFORE THE JUSTICES IN YOUR COURT TO HERE MY MERITS ON MY CLAIMS.

RESPECTFULLY SUBMITTED

ROY JON #626840 PRO-SE
ELLIS UNIT
1697 FM 980
HUNTSVILLE, TEXAS 77340

C.C. FILED

IN THE

COURT OF APPEALS

FIFTH DISTRICT OF TEXAS AT DALLAS

---

NO. 05-15-00075

---

ROY JON, Appellant

vs.

THE STATE OF TEXAS, Appellee

---

On appeal from the Court of APPEALS

Fifth District Of Texas at Dallas

Trial Court Cause No. W92-63805-L

Appellate Nuber 05-15-00075

---

NOTICE OF APPEAL

Notice is hereby given that the defendant ROY JON, Appearing Pro-se, in the above appellate number appeals from the ORDER, entered on January 23, 2015 and the Trail Court ORDER entered on December 18, 2014.

This appeal follows the denial of his application for Writ of Habeas Corpus filed on or about November 08, 2014, pursuant to Art. 11.01; 11.02; 11.04; and 11.05 of the Texas Code of Criminal Procedure, and Art. 1 sect. 12, and Art. 5 sect. 8, of the Texas Constitution.

RESPECTFULLY SUBMITTED

ROY JON #626840 Appearing Pro-Se



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00075-CR

**ROY JON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. W92-63805-L**

---

## ORDER

On January 23, 2015, we dismissed the appeal in this case for want of jurisdiction. The Court now has before it appellant's February 10, 2015 "Motion to Transfer Original Notice of Appeal, Appeal Brief, and Attached Exhibits" to the Clerk of the Texas Court of Criminal Appeals to have them "filed in this appeal." Appellant does not state that he has filed a petition for discretionary review, and the Texas Court of Criminal Appeals has neither notified the Court that a petition for discretionary review has been filed nor directed this Court to forward copies of the documents in this appeal. *See* TEX. R. APP. P. 68.7. Accordingly, we **DENY** appellant's motion to the extent that he asks the Court to transfer the documents to the Court of Criminal Appeals.

We **DIRECT** the Clerk of this Court to send appellant, by first-class mail, copies of his pro se brief and his notice of appeal, with all attachments, together with a copy of this order.

/s/     ELIZABETH LANG-MIERS
JUSTICE

05-15-00075-CR

CAUSE NO. W92-63805-L

STATE OF TEXAS                    §        IN THE CRIMINAL

VS.                               §        DISTRICT COURT NO. 5

ROY JON                           §        DALLAS COUNTY, TEXAS


### NOTICE OF APPEAL

Notice is hereby given that the defendant ROY JON, APPEARING PRO-SE, in the above cause number appeals from the ORDER, entered on December 18, 2014.

This appeal follows the denial of his application for Writ of Habeas Corpus filed on or about November 08,2014, pursuant to art. 11.01; 11.02; 11.04; and 11.05 or The Texas Code of Criminal Procedure, and art. 1 sect. 12, and art. 5 sect. 8, of the Trxas Constitution, in requesting the complete transcipts in order to show that the defendant did not receive effective assistance of counsel during his State Trial and to show that he was denied his right to appeal his conviction in the above cause number GRIFFIN VS. ILLINOIS, 351 U.S. 18, 100 L.Ed. 891, 76 S.Ct 585(1956).

RESPECTFULLY SUBMITTED

ROY JON, Appearing Pro-Se
TDCJ_ID No. #626840
1697 FM 980
Huntsville, Texas 77340

C.C. FILED

December 09, 2015

Gary Fitzsimmons
District Clerk
Frank Crowley Courts Building
133 N. Industrial Blvd. LB 12
Dallas, Texas 75207-4313

RE: NOTICE OF APPEAL

Dear Mr. Fitzsimmons, sir.

Enclosed please find the following instruments to be filed in your office, that is in reference to cause no. W92-63805-L. I AM REQUESTING a return receipt of this "Notice of appeal", I am requesting the date of filing, the court reporter's name, the court appointed attorney's name that represented the defendant, the district attorney's name, and the judge that presided over the trial in this cause number, when you return the filing date. I am requesting the following information to further my appeal. The following instrument's are enclosed:

1. Notice of appeal
2. Notice of appeal and pauper oath, and appointment of attorney on appeal
3. Designation of record on appeal

RESPECTFULLY SUBMITTED

ROY JON #626840 Appearing Pro-se

C.C FILED

CAUSE NO. W92-63805-1

STATE OF TEXAS                    *      IN THE CRIMINAL

VS                                *      DISTRICT COURT NO 5

ROY JON                           *      DALLAS COUNTY TEXAS

### DEFENDANT'S NOTICE OF APPEAL AND PAUPER OATH
### APPOINTMENT OF ATTTORNEY ON APPEAL

to the honorable judge of said court;

Comes now Defendant in the above cause and states: I am the defendant in the above cause  Iwas convicted in this cause and now give notice of appeal to the Texas Court of Appeals for the Fifth Surreme Judicial District of Texas at Dallas  and tha Iam penniless  destitute and Indigent person  too poor to employ counsel to represent me on the appeal  and too poor to pay for or give security for the Statement of Facts and a true copy thereof herein
WHEREFORE  I pray that the Court will appoint an attorney to represent me in this appeal and that the court will order the Court reporter of this Court to prepare and deliver to me or my appointed Counsel the original and a ture copy of the Statement of Facts in this case together with all exhibits attached thereto if practical

_____
Defendant

BEFORE ME  the undersigned authority  personally appeared the above Defendnat  known to me to be the person whose signature appears above  and after being duly sworn on oath states that he is the defendnat in the above cause  and that the matters and things set forth in foregoing are true and correct in all things

By :..............................................

#### ORDER

The Defendant having requested the Court to arroint Counsel

It is Ordered the Honorable ...........................................................

Address :...............................................................................

a regular licensed and practicing attorney of Texas be and he is hereby appointed to represent Defendant in crosecuting his arreal herein  and it is further Ordered that the Court Reporter is hereby directed to transcribe all of the notes as same may appestain to cause and as taken during the trial of this cause which began on

Cause No. W92-63805-L

| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| V. | § | DISTRICT COURT NO. 5 |
| ROY JON | § | DALLAS COUNTY, TEXAS |

## DESIGNATION OF RECORD ON APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant in the above styled and numbered cause, and submits this Designation of Record on Appeal, and requests that the following items be contained in the record of this appeal:

1. A complete Reporter's Record of the trial of this case, including any testimony at any stage of the trial, any bench conferences, any arguments on motions, the *voir dire* examinations of the jury, the final arguments of counsel, any pre-trial or post-trial hearings, or any other matters connected with this case where the court reporter was present and transcribing the proceeding, including exhibits and materials subject to judicial notice from all proceedings. According to the docket sheet, trial was conducted on                    and 1

2. The indictment(s) or information(s) including enhancement allegations.

3. Any special pleas and motions of the Defendant and motions of the State.

4. Any written waivers.

5. The trial court's docket sheet.

6. Charge of the Court on both guilt-innocence and punishment.

7. Any special requested charges submitted by the Defendant.

8. The verdict of the jury.

9. Any Findings of Fact and Conclusions of Law.

10. The judgment and sentence.

Designation of Record                                                                                   Page 1

11. Motions for New Trial.

12. Notice of Appeal.

13. Any notes from the jury and the Court's response thereto.

14. All exhibits introduced at trial.

15. Any subpoenas or requests for subpoenas.

16. Any notes written by the Judge in the trial court's file.

17. Any letters written by the Defendant to the Court.

18. The Defendant's application for probation, if any.

19. The certification of the Defendant's right to appeal under Rule 25.2.

20. Texas Department of Public Safety Criminal History.

The judgment in this case was entered on December 18, 2014 A Motion for New Trial was not filed. The record should be due on or about

WHEREFORE, PREMISE CONSIDERED, the Defendant/Appellant respectfully requests that these matters be contained within the record of this appeal.

Respectfully submitted,

ROY JON #626840 pro-se

Attorney for Defendant on Appeal Only

## CERTIFICATE OF SERVICE

A copy of this Designation of Record has been mailed to the Mary Fitzsimmons, on or before January 09, 2015.

District Clerk,

ROY JON #626840 PRO-SE
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77340

c.c. filed

Designation of Record

December 13, 2015


Lisa Matz
Clerk of the court
Fifth Court of appeals
George L. Allen, Sr. Court Bldg.
600 Commerce Street, Ste. 200
Dallas, Texas 75202-4658


RE: APPELLANT FILE HIS APPEAL BRIEF


dear Ms. Matz,


　　　Enclose please find the following instrument's to be filed in your office, that is in reference to cause no. F00-63805-L. I am requesting that you serve me a return receipt for these document's, and a filing date, "PLEASE".


!1. APPELLANT'S APPEAL Brief

2. COPY OF THE APPELLANT"S NOTICE OF APPEAL


　　　　　　　　　　　　　　　　　RESPECTFULLY SUBMITTED


ROY JON #626840    pro se

ORAL ARGUMENTS REQUESTED

APPEAL NO. 05-15-00075-CR

RECEIVED
Court of Appeals

JAN 16 2015

Lisa Matz
Clerk, 5th District

IN THE COURT OF APPEALS

FOR THE

FIFTH SUPREME JUDICIAL DISTRICT

FILED IN
Court of Appeals

JAN 1 6 2015

Lisa Matz
Clerk, 5th District

ROY JON

Appellant,

VS.

THE STATE OF TEXAS

Appellee.

On Appeal from the _____ District Court
of Dallas County, Texas
Honorable Carter Thompson, Judge Presiding

BRIEF OF APPELLANT

ROY JON
TDCJ-ID NO.#626840
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77340

APPEARING PRO-SE

## IDENTITY OF PARTIES AND COUNSEL

In order that the members of this Court mat determine the parties, Appellant certifies that the following is a complete list of parties, attorneys, and other persons with an interest in the outcome of this appeal THE appellant do not have any information or documentation concerning this appeal, the trial court is denying the appellant access to the records.


ROY JON #626840
Defendant-Appellant



THE STATE OF TEXAS
CRIMINAL DIVISION
FRANK CROWLEY COURTS BUILDIN
DALLAS, TEXAS 75207-4313



Hon. Carter Thompson, Judge Presiding

Criminal District Court  No.5
Dallas County, Texas 75207-4313

i

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                    i

TABLE OF CONTENTS                                  ii

INDEX OF AUTHORITIES                               iii

STATEMENT OF THE CASE                              1

POINTS PRESENTED                                   2

STATEMENT OF FACTS                                 3

SUMMARY OF THE ARGUMENT                            4

ARGUMENT                                           5

PRAYER                                             8

CERTIFICATE OF SERVICE                             8

# INDEX OF AUTHORITIES

**FEDERAL CASES**                                                                    PAGE

DOUGLAS VS. CALIFONIA, 372 U.S. 353,9 L.Ed2d. 811, 83 S.Ct. 814 (1963)        6

GRIFFIN VS. ILLINOIS, #%! U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585 (1956)         6

LANE VS. BROWN, 372 U.S. 477, 484, 83 S.Ct. 768,772, 9 L.Ed.2d. 382 (1963)    7

LONG VS. DISTRICT COURT, 383 U.S. 192, 8% S.C.t 362, 17 L.Ed.2d. 290 (1966)   7

UNITED STATES VS. MacCOOLOM, 426 U.S. 317,325,96 S.CT. 2086,2001,48 L.Ed. 666   7
(1976).

BONNER VS. HENDERSON, 517 F.2D. 135 (5th cir. 1975)                           7


**TEXAS CASES**                                                                      PAGE

TEXAS CODE OF CRIMINAL PROCEDURE      RULE 26.04                              5

TEXAS CONSTITUTION     ARTICLE V.  §§ 5 and 6                                 6

## STATEMENT OF THE CASE

Appellant, Roy Jon, was indicted by the Grand jury of Dallas County, Texas on or about April 05,1992, for delivery of a controlled substance in Dallas county, Cause number F92-63805. Appellant plead not guilty to the charge and the trial court found him guilty of the offende as charged in the indictment on August 19,1992. The trial court assessed punishment at twenty-five years imprison, and no appeal was perfected from the judgment.

November 28,2000, appellant file a State Habeas Application pursuant to article 11.07 llx01xxllx02xxllx04xxandx of the Texas Code of Criminal Procedure (TCCP), RAISING THE GROUNDS OF ineffective assistance of trial counsel and the right to a direct appeal.

On April 1,2001, the court of criminal appeals denied the application without a written order.

On March 19,2002, Appellant filed his federal writ of habeas corpus, alleging the same grounds and other's, the district court dismissed the petition as barred by the one-year statute limitation period. 28 U.S.C. §§ 2244(d). see attached exhibit's A. 1-2

Appellan now petition the trial court to review the trial records that should had been provided to him, when he filed his pro-se notice of appeal (3) THREE DAYS AFTER the trial court found him guilty August 19,1992. The trial court erred on not accepting appellant's pro-se notice of appeal, which denied him access to the court and to his direct appeal. Appellant argues that it's been 20 years since his conviction and he need the transcript in order to show that he did not receive effective assistance of counsel during his state trial. see attached exhibit's B. 1-6.

POINTS

POINT ONE:

Does the United States Constitution mandates a defendant's right to appeal his felony conviction in State Court, by and through diect appeal ?

POINT TWO:

Does the United States Constitution mandate a defendant challenging a felony conviction, his right to the trial court records and/or transcripts.

2.

## STATEMENT OF FACTS

The trial court misconstrued the appellant's application pursuant to articles 11.01; 11.02; 11.04; 11.05 of the TEXAS Code of Criminal Procedure, where these statutory provision's mandates exclusive jurdiction to here the facts provided by appellant under said articles (SUPRA). His request for a complete copy of the transcripts or to simply allow him to review the transcripts on a temporary loan basis. The trial court is invested with judicial authority to preside and adminster the law in a court of justice. His Official Oath declares that he will faithfully discharge the duties of the same.

It is clear by the trial court records that the appellant was denied his right to a direct appeal. Appellant has a valid claim of ineffective assistance of counsel, when his trial counsel failed to filed a requested notice of appeal. Thus, it is obviously clear that his State and Federal Constitutional rights has been impeded on by his trial counsel and the trial court. There are issues that must be resolved and the trial court has a judicial duty to correct a miscarriage of justice. The trial court has deprived the appellant for (20) twenty years his constitutional right to review the transcripts.

Appellant need not prove his entitlement to review the records because he has establish -ed a prima facie on the face of the records, that he has been denied a direct appeal, and a effective trial counsel. see attached exhibit's A.1-2. This is all that is required by State and Federal law.

2.

## SUMMARY OF THE ARGUMENT

Appellant has a statutory right to access to the transcript by and through the Texas Constitution, which is supported by the fourteenth amendment to the United States Constitution. The trial court "ORDER" would abridge the appellant's State and Federal Constitution right.

4.

## ARGUMENT

POINT ONE: Does the United States Constitution mandates a defendant's right to appeal his felony conviction in State Court, by and through direct appeal ?

## ARGUMENT & AUTHORITY

Appellant pleaded not guilty to the charges of delivery of a con -trolled substance. He contends that their was "NO" evidence provided to the court in which to establish his guilty verdict. The prosecutor withheld a material witness that would have determine the appellant innocence. Appellant requested to his trial counsel his desire to appeal the courts judgment, and his counsel failed to comply with his request. In doing so, appellant filed a pro-se notice of appeal. Appellant trial counsel was aware that the appellant was attempting to appeal his conviction and he maliciously interferred with the process of his appeal by not informing the courts that appellant wrote him on numerous occasions requesting his assistance with his appeal and he lied to the court that appellant did not request to appeal his conviction.

The trial court and the district clerk refuse to process appellant' pro-se notice of appeal, and failed to appoint an attorney to present him on appeal. Appellant argues that the Texas Code of Criminal Procedure article 26.04 (Vernon 1989) provides that an attorney appointed to represent a defendant in a felony case "shall represent the defendant until the charges are dismissed, The defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel. In this case counsel was aware of the appellant's desire to appeal and fAILED to file the approapiate documents such as: Notice of appeal, motion for new trial, and motion for appointment of appellate counsel or to withdraw as counsel". The appellant' pro-se notice of appeal give the trial court, the district clerk, and trial counsel notice of his constitutional right of his desire to appeal the courts judgment. The appellant successfully met his burden of showing that he was not represented by counsel during a critical stage of the prosecution and therefore "GOOD CAUSE" EXIST under the Texas Rule Appellate Procedure Rule 2(b) TO SUSPEND THE REQUIREMENT IN Texas Rule Appella -te Procedure Rule 31(a)(!).

5.

The Texas Constitution set out the appellate jurisdiction of both the Court of Criminal Appeal and the Court of Appeals. see Texas Constitution, article V. § 5 (Providing for criminal appellate jurisdiction in the Court of Criminal Appeals): Texas Constitution article V. § 6 (Providing for appellate jurisdiction of Courts of Appeals). Thus, the right to appeal in Texas is Statutory, not constitutional.

Appellant contends that it is evident that he is and was indigent at the time of his trial and he did not receive any practical assistance of counsel in protecting and preserving his appellate rights. Thus, he has been denied effective assistance of counsel on appeal in violation of his due process right under the fourteenth amendment and his due course rights under article 1 § 10, of the Bill of Rights. SEE GRIFFIN VS ILLINOSIS, 351 U.S. 12 (1956): AND DOUGLAS VS. CALIFORNIA, 480 U.S. 353 (1963).

6.

# ARGUMENT

POINT TWO: Does the United States Constitution mandate a defendant challenging a felony conviction, his right to the trial court records and/or transcripts

## ARGUMENT & AUTHORITY

The trial court has ordered that the appellant be denied a complete copy of the transcriptts for free, in order to prepare his application for a post-conviction writ of habeas corpus. The court comcluded that the appellant failed to sufficiently stated a particularized need for the requested documents. The trial court failed to address the appellant's request for a loan of the transcripts for a limited time. see cause no. W92-63805-L, ORDER dated December 18,2014.

In Griffin vs. Illinosis, plurality the supreme court held that "[d]estitute defendant must be afforded as adequate appellate review aa defendants who have money enough to buy transcripts", Lane VS. Brown, 372 U.S. 477, 484, 83 S.Ct. 768, 772, 9 L.Ed.2d. 382(1963), extended "the Griffin principl [to] appil[y] to state collateral proceedings". Indigents must be furnished a copy of the transcript for appellate review of an adverse de decision in post-conviction proceedings. Long VS. District Court, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d. 290 (1966)(PER CURIAM). This principle is equally applicable to proceedings in federal courts collaterally attacking state convictions, and we do not understand the state to contend otherwise in the present case.

Indigents, however, cannot obtain transcripts merely to search for grounds for relief Bonner VS. Henderson, 517 F.2d.135 (5th cir. 1975)(per curiam). 'the district court has the power to order a free 'transcript furnished [ for an indigent] if it finds that the''' suit... is not frivolous and that the transcripp is needed to decide the issue ppesented.. United States VS. MacCollom, 426 U.S. 317, 325, 96 S.Ct. 2086, 2091, 48 L.Ed.2d. 666 (1976 (plurality opinion )( quoting 28 U.S.C. § 753(f)). The cause is frivolous "IF the petitioner can make no rational argument in law or facts to support his claim for relief".

In the appellant's application under article, 11.01; 11.02; 11.04; and 11.05, where he alleged facts that if liberally construed, the "inartful pleadings", he clearly stated that he was actually innocent of the charge, and that his trial counsel was ineffective because he did not file his requested "NOTICE OF APPEAL", there was allegations that the State withheld a material or alibi witness to this crime and the witness could have prove appellant's innocence. This assertion, on its face, alleges more than ineffective-ness because of a failure to appeal. It is broad enough to encompass all aspects of counsel's performance, and the court's duty is to contrue pro-se pleadings liberally.

PRAYER FOR RELIEF

Based upon the undisputed facts, the law and arguments contained herein, appellant respectfully prays that this court sustain appellant's points and allow him access to the trial court transcripts.

(

DECLARATION

I,, Roy Jon #6268400 declare under penality of perjury that the foregoing is true and correct to the best of my ability pursuant to 28 U.S.C. §§ 1746.

/s/ _____
ROY JON #626840 pro-se

CERTIFICATE OF SERVICE

I, Roy Jon, #626840, do hereby certify that a ture and correct copy of the above Brief of Appellant has been served by placing same in the U.S. MAIL BOX ON THIS _____12TH_____ day of _January 2015._ Addressed to:

Lisa Matz
Clerk of the court
Fifth Court of Appeals
George L. Allen, Sr. Court Bldg.
600 Commerence Street, Ste. @00
Dallas, Texas 75202-4658

RESPECTFULLY SUBMITTED

_____
ROY JON #626840   appearing pro-se
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77340

C.C. FILED

8.

ROY JON, # 626840, Petitioner, v. JANIE COCKRELL, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

2002 U.S. Dist. LEXIS 12066

3:02-CV-555-P

July 2, 2002, Filed; July 3, 2002, Entered

**Editorial Information: Subsequent History**

Adopting Order of August 6, 2002. Reported at: 2002 U.S. Dist. LEXIS 14483.

**Disposition:**

Magistrate's recommendation to dismiss petition for a writ of habeas corpus.

**Counsel**

ROY JON, petitioner, Pro se, Tennessee Colony, TX USA.

**Judges:** WM. F. SANDERSON, JR., UNITED STATES MAGISTRATE JUDGE.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** After petitioner inmate was convicted and sentenced for delivery of a controlled substance, no appeal was perfected. The inmate filed a state habeas corpus application alleging he was denied effective assistance of trial counsel and the right to a direct appeal. The application was denied. The inmate filed the instant petition under 28 U.S.C.S. § 2254 raising the same claims. A magistrate judge recommended that an inmate's habeas corpus petition be dismissed as time-barred. Since the inmate's state habeas corpus petition was not timely, his federal petition was also time-barred.

**OVERVIEW:** In the inmate's case, all the grounds for relief, except for counsel's failure to file a notice of appeal, occurred on or before the conclusion of his trial on August 19, 1992, more than nine years before March 10, 2002, the earliest possible date on which his federal petition could be considered filed under the mailbox rule. On the issue of the inmate's counsel's failure to perfect an appeal, his counsel had stated in a letter on June 17, 1994, that the inmate had asked him not to file an appeal. Regardless of the accuracy of trial counsel's statements, the fact remained that no later than on or about June 17, 1994, the inmate had personal knowledge that no direct appeal from his conviction had been perfected. The inmate could have raised all his grounds for relief in a Tex. Code Crim. Proc. art. 11.07 application at anytime subsequent to his conviction becoming final on September 18, 1992, through April 24, 1997, without being at risk of having his 28 U.S.C.S. § 2254 petition being dismissed as time-barred. The inmate was not entitled to an equitable tolling of statute of limitations period.

**OUTCOME:** A magistrate judge recommended that the inmate's petition for a writ of habeas corpus be dismissed.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations >*

1yecases

1

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*General Overview*
*Criminal Law & Procedure > Habeas Corpus > Review > Antiterrorism & Effective Death Penalty Act*

When a petitioner files his 28 U.S.C.S. § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations >*
*General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations >*
*Antiterrorism & Effective Death Penalty Act*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations >*
*Governments > Legislation > Statutes of Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > Time Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. 28 U.S.C.S. § 2244(d).

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations >*
*General Overview*
*Criminal Law & Procedure > Habeas Corpus > Defenses > Statutes of Limitations*
*Governments > Legislation > Statutes of Limitations > General Overview*
*Governments > Legislation > Statutes of Limitations > Pleading & Proof*

In a habeas corpus action, a district court may raise the affirmative defense of the statute of limitations sua sponte.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations >*
*General Overview*

See 28 U.S.C.S. § 2244(d).

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations >*
*General Overview*

In the context of determining the timeliness of a habeas corpus petition, an inmate's conviction becomes final 30 days after the judgment of conviction. Tex. R. App. P. 26.2(a)(1) (Sept. 1, 1997) (formerly Tex. R. App. P. 41(b)(1)).

*Criminal Law & Procedure > Counsel > Effective Assistance > Appeals*
*Criminal Law & Procedure > Appeals > Reviewability > Notice of Appeal*

An attorney's failure to perfect an appeal, when requested to do so by a person convicted of a criminal offense, constitutes ineffective assistance of counsel.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations >*
*General Overview*
*Governments > Legislation > Statutes of Limitations > Tolling*
*Criminal Law & Procedure > Habeas Corpus > Procedure > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Filing of Petition > Time Limitations >*
*Tolling*
*Governments > Legislation > Statutes of Limitations > General Overview*

1yecases

2

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

considered filed under the "mailbox rule." See Application to proceed in forma pauperis signed on March 10, 2002, and submitted contemporaneously with the federal petition and brief in support. See also Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

Jon learned that no direct appeal had been perfected for his conviction no later than March 19, 1993, when he received a letter from the Dallas District Clerk advising him to contact his trial attorney. 2 Although arguably the clerk's letter may not have explicitly informed Petitioner that no appeal was ever perfected, any doubt concerning this matter was removed when he received a letter from John S. Fisher, inmate staff counsel, on June 17, 1994, which included a copy of a letter from Jon's trial attorney, stating that Jon had not asked him to file a notice of appeal. In the letter trial counsel could not explain why Jon's pro se notice of appeal had not been filed of record. Regardless of the accuracy of trial counsel's statements in the letter, the fact remains that no later than on or about June 17, 1994, Petitioner had personal knowledge that no direct appeal from his conviction had been perfected. See Exhs. 2, 3, and 4, attached to Petitioner's Brief filed on March 19, 2002.

Jon correctly notes that an attorney's failure to perfect an appeal, when requested to do so by a person convicted of a criminal offense, constitutes ineffective assistance of counsel. However, the District Court cannot reach the merits of such a claim when raised in a time-barred § 2254 petition. Jon could have raised all his grounds for relief in an art. 11.07 application at anytime subsequent to his conviction becoming final on September 18, 1992, through April 24, 1997, without being at risk of having his § 2254 petition being dismissed as time-barred. 3 By his own admission Jon did not seek habeas relief in the convicting court until November 28, 2000. (Petition at P 11, p. 3), some three and one-half years after the limitation period had expired. Scott, 227 F.3d at 263 (state habeas application does not toll limitation period when it is filed after the limitation period has expired). Therefore, Jon's federal petition is time barred. 4

Petitioner correctly notes that the limitation period may be equitably tolled. However, such applies only in rare and exceptional circumstances, and only if the petitioner diligently pursues habeas relief. See Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000), cert. denied, 531 U.S. 1035, 148 L. Ed. 2d 532, 121 S. Ct. 622 (2000); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 148 L. Ed. 2d 991, 121 S. Ct. 1124 (2001).

Petitioner's reliance on Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 143 L. Ed. 2d 558, 119 S. Ct. 1474 (1999), is without merit. The facts in Davis which gave raise to the Fifth Circuit's decision to apply equitable tolling are clearly distinguishable from the facts in this case. Specifically, the state writ in Davis was denied on December 1, 1993. Ex parte Davis, 866 S.W.2d 234 (Tex. Crim. App. 1993). On February 13, 1997, Davis requested the federal court to appoint counsel because his state habeas counsel was incapacitated. On or about February 27, 1997, he filed a motion to extend time within which to file his federal petition. On March 4, 1997, the federal court appointed counsel and granted extension until May 26, 1997, to file the federal petition. The federal court granted two additional extensions to file the petition and on May 8, 1998, Petitioner filed his federal petition.

Davis, which was a death penalty case, presented several extenuating circumstances. The request for appointment of counsel -- because state habeas counsel was incapacitated -- was filed prior to expiration of the one-year grace period. The federal court appointed federal habeas counsel before the expiration of the one-year grace period and granted an extension of time to file beyond the one-year grace period, followed by two additional extensions. Lastly in Davis, the federal petition was

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

filed on the last day of the last extension.

Nonetheless, Petitioner is not entitled to equitable tolling. After receiving notice of the denial of his art. 11.07 application, Petitioner waited more than eleven months before he placed his federal petition within the prison mail system. This additional delay -- of Petitioner's own making -- does not constitute a rare and extraordinary circumstance, which is required for equitable tolling. See Melancon, 259 F.3d at 408 ("Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief."); Fisher, 174 F.3d at 715 ("equity is not intended for those who sleep on their rights"). Therefore, the magistrate judge concludes that Petitioner has not presented extraordinary circumstances justifying equitable tolling.

RECOMMENDATION:

For the foregoing reasons the magistrate judge recommends that the District Court dismiss the petition for a writ of habeas corpus as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

WM. F. SANDERSON, JR.

UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

Footnotes

1

On March 26, 2002, the magistrate judge informed Petitioner of the one-year statute of limitations and granted him thirty days to show cause why his petition should not be dismissed as barred by the limitation period. On May 30, 2002, Petitioner filed a response to the show cause order.

2

See Petitioner's response to show cause order, filed on May 30, 2002, at 12. See also Exh. 1, attached to Petitioner's Brief filed on March 19, 2002.

3

The limitation period is tolled during the pendency of state proceeding collaterally attacking a state prisoner's conviction. See 28 U.S.C. § 2244(d)(2); Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998) (per curiam); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). Although practically speaking a prisoner would be ill-advised to wait until the last day of the one-year grace period to seek state-collateral relief, the fact remains that Jon had more than thirty four months from the date on which he clearly knew that his alleged request to appeal his conviction had not been complied with within

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**ROY JON v. JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

**2002 U.S. Dist. LEXIS 14483**

**3-02-CV-555-P**

**August 6, 2002, Decided**

**August 6, 2002, Filed; August 7, 2002, Entered**

**Editorial Information: Prior History**

Jon v. Cockrell, 2002 U.S. Dist. LEXIS 12066 (N.D. Tex. July 2, 2002)

**Disposition:**

Findings, conclusions and recommendation of magistrate judge adopted.

**Counsel**

TX USA.

ROY JON, petitioner, Pro se, TDCJ, Michael Unit, Tennessee Colony.

**Judges:** Jorge A. Solis, UNITED STATES DISTRICT JUDGE.

**Opinion by:** Jorge A. Solis

**Opinion**

**ORDER**

After making an independent review of the pleadings, files and records in this case, and the Findings, Conclusions and Recommendation of the United States Magistrate Judge, I am of the opinion that the findings and conclusions of the Magistrate Judge are correct and they are adopted as the findings and conclusions of the Court.

IT IS, THEREFORE, ORDERED that the findings, conclusions and recommendation of the United States Magistrate Judge are adopted.

SIGNED this 6th day of August, 2002.

UNITED STATES DISTRICT JUDGE

Jorge A. Solis

**JUDGMENT**

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered.

It is ORDERED, ADJUDGED AND DECREED that the petition be, and it is hereby, dismissed as barred by the one-year limitation period.

IT IS FURTHER ORDERED that the Clerk shall transmit a true copy of this judgment and the order adopting the Findings, Conclusions and Recommendation of the United States Magistrate Judge, to Petitioner.

SIGNED this 6th day of August, 2002.

UNITED STATES DISTRICT JUDGE

Jorge A. Solis

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

DISMISS; and Opinion Filed January 23, 2015.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00075-CR

### ROY JON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. W92-63805-L

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Roy Jon was convicted of delivery of a controlled substance and sentenced to twenty-five years' imprisonment in 1992. No appeal was taken from that conviction. Appellant has filed several applications for writ of habeas corpus in both the state and federal courts.[1] On October 21, 2014, appellant filed an "application for writ of habeas corpus" in the trial court to obtain a copy of the trial court record so that he can file a post-conviction application for writ of habeas corpus. The trial court denied the "application" by written order dated December 18, 2014, and this appeal followed. We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be

---

[1] The background information is taken from the pro se brief appellant filed with his notice of appeal.

legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

In appellant's first issue in his pro se brief, he contends he was denied the right to appeal in 1992 due to ineffective assistance of counsel. In his second issue, he challenges the trial court's order denying his motion to obtain the trial record so that he can establish he was actually innocent of the charges and that trial counsel was ineffective in not appealing the conviction.

An order denying a motion for post-conviction access to the trial court record is not an appealable order. *See Wright*, 969 S.W.2d at 589. Moreover, this Court has no jurisdiction to review appellant's claim that trial counsel was ineffective in not filing a notice of appeal in 1992 and has no authority to grant appellant an out-of-time appeal. *See* TEX. R. APP. P. 26.2(a); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

We dismiss the appeal for want of jurisdiction.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150075F.U05



# Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

ROY JON, Appellant

No. 05-15-00075-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. W92-63805-L.
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.


Judgment entered this 23rd day of January, 2015.

Roy Jon #626840
O.B. Ellis Unit
1597 FM 980
Huntsville, Texas 77340

Lisa Matz
Clerk of the court
Fifth Court of Appeals
George L. Allen, Sr. Court Bldg.
600 Commerce Street, ste. 200
Dallas, Texas 75202-4658


