**Dismissed and Opinion Filed September 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01148-CR

### BILLY WAYNE WILLIAMS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F03-00824-W**

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Lang

Billy Wayne Williams was convicted of aggravated assault with a deadly weapon. He was sentenced to life imprisonment on October 4, 2004. This Court affirmed his conviction on direct appeal. *Williams v. State*, No. 05-05-00182-CR, 2005 WL 2841259 (Tex. App.—Dallas Oct. 31, 2005, no pet.) (not designated for publication). The Court now has before it appellant's pro se notice of appeal in which he appears to be complaining of action or inaction by the Dallas County District Clerk and officials of the Texas Department of Criminal Justice rather than an order entered by the trial court.[1]

---

[1] The notice of appeal is entitled "Notice of Appeal from Dallas County District Clerk's and TDCJ-ID Law Library (ATC) Supervisor's Ex Parte Dismissal/Denial of Previously Pending Motions to Recuse and Disqualify 363rd District Judge Tracy Holmes: Nunc Pro Tunic Motions to Correct Void Judgement [sic] and Illegal Sentence without Requested Hearing and Benefit of Counsel Absent Any Written Notice of Final Judgement [sic] Directly from the Clerk as Enteered [sic] by an Article 5 § 8 District Judge Premised Upon Usurpation of Power by Clerks and TDCJ-ID Law Library (ATC) Officials during AD.03.72 Legal Material Reviews."

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

Appellant does not cite to any appealable order entered by the trial court that he is appealing, and we have received written verification from the Dallas County District Clerk's Office that there are no new orders in the case. Moreover, to the extent appellant asserts that the judgment of his 2004 conviction is void, that constitutes a collateral attack on his final felony conviction. Therefore, even had the trial court issued a written order on his motion asserting the conviction is void, the order would not be appealable to this Court. The post-conviction habeas corpus procedure set out in the Texas Code of Criminal Procedure is the sole procedure by which to collaterally attack final felony convictions. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2015). That avenue of attack does not change simply because appellant changes the title of the document he files. Finally, this Court does not have jurisdiction over post-conviction habeas corpus proceedings involving final felony convictions. *See id*. art. 11.05.

We dismiss the appeal for want of jurisdiction.


        /Douglas S. Lang/
        DOUGLAS S. LANG
        JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151148F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BILLY WAYNE WILLIAMS, Appellant

No. 05-15-01148-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F03-00824-W.
Opinion delivered by Justice Lang, Justices Evans and Whitehill participating.

       Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.


Judgment entered this 25th day of September, 2015.