**DISMISS; and Opinion Filed November 2, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01140-CR

## BABU SAMUEL KALLUVILAYIL, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F91-00956-H**

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Whitehill

Babu Samuel Kalluvilayil was convicted of murder in 1991. Punishment was assessed at life imprisonment and a $5,000 fine. The conviction was affirmed on direct appeal. *Kalluvilayil v. State*, No. 05-91-00461-CR, 1992 WL 141385 (Tex. App.—Dallas June 22, 1992, no pet.) (op. on reh'g). On January 22, 2014, appellant filed a motion for post-conviction DNA testing. The motion was denied by written order on October 24, 2014. On December 12, 2014, appellant filed pro se "Written Objections; and His Motion to Vacate the Judgment and Grant a New Trial." On January 26, 2015, appellant filed a pro se notice of appeal. The appeal was docketed in this Court on September 15, 2015. We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.*

at 523. To invoke this Court's jurisdiction, appellant's notice of appeal was due within thirty days of the date the trial court's order denying his motion for post-conviction DNA testing was signed. *See* TEX. R. APP. P. 26.2(a)(1); *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012); *Olivo*, 918 S.W.2d at 523. Absent a timely notice of appeal, the Court has no authority to take any action except to dismiss the appeal. *See Olivo*, 918 S.W.2d at 523; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Appellant's January 26, 2015 notice of appeal, which was accompanied by a declaration of indigence that is hand-dated January 18, 2015, is untimely as to the October 24, 2015 order. Therefore, we have no jurisdiction over the appeal from the order denying appellant's motion for post-conviction DNA testing. *See* Tex. R. App. P. 26.2(a)(1).

The clerk's record contains a second notice of appeal, hand-dated- August 21, 2015, that is appealing a July 7, 2015 order denying appellant's request to have his fine and court costs waived. The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

The July 7, 2015 order denying the motion to waive appellant's fine and court costs is not a judgment of conviction and is not an otherwise appealable order. *See id*. Accordingly, we conclude we lack jurisdiction over the appeal from the July 7, 2015 order.

We dismiss the appeal for want of jurisdiction.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

151140F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BABU SAMUEL KALLUVILAYIL,
Appellant

No. 05-15-01140-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F91-00956-H.
Opinion delivered by Justice Whitehill,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 2nd day of November, 2015.