**DISMISS and Opinion Filed March 10, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00136-CR

**JERRY ANTOINE NOLAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-00427-M**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Smith

On September 30, 2015, Jerry Antoine Nolan pleaded guilty to aggravated robbery, pleaded true to two prior felony convictions, and waived his right to appeal under a plea bargain agreement with the State. In exchange, the State recommended a twenty-five-year sentence. The trial court followed the terms of the plea bargain agreement, found appellant guilty and the enhancement paragraphs true, and sentenced him to twenty-five years. The trial court certified that this was a plea-bargain case and appellant had waived his right to appeal.

Although appellant filed a notice of appeal on October 16, 2015, he later filed a motion to withdraw his appeal, noting that he had waived his right to appeal in the plea bargain agreement. We granted the motion and dismissed his original direct appeal. *Nolan v. State*, No. 05-15-01528-CR, 2015 WL 6690181, at \*1 (Tex. App.—Dallas Nov. 3, 2015, no pet.) (not designated for publication). The Court now has before it appellant's March 3, 2021 "Notice of Appeal." Appellant does not reference any new appealable order but asks this Court to review his case and 2015 conviction.

An appellate court has jurisdiction to determine an appeal only if the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). When the appellate court's jurisdiction is not legally invoked, the court's power to act is as absent as if it did not exist. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Appellate courts may consider criminal appeals only after final conviction or the entry of a narrow set of appealable interlocutory orders and the filing of timely filed notices of appeal. TEX. R. APP. P. 26.2(a)(1); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

A timely filed notice of appeal is required to invoke this Court's jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In the absence of a timely filed notice of appeal, we have no option other than to dismiss the appeal. *Id*. A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed, or within ninety days after sentencing if the

defendant timely filed a motion for new trial, a written notice of appeal showing his desire to appeal. *See* TEX. R. APP. P. 25.2(b), (c), 26.2(a).

The trial court entered the judgment on September 30, 2015; absent a timely filed motion for new trial, any notice of appeal was due on October 30, 2015. *See* TEX. R. APP. P. 26.2(a). Because appellant's pro se notice of appeal was filed on March 3, 2021, it was untimely, and we lack jurisdiction over this appeal.

We further note that appellant entered into a plea bargain with the State in which he agreed to waive his right to appeal. When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014). For these reasons, we conclude we lack jurisdiction over this case.

We dismiss this appeal for want of jurisdiction.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210136F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

JERRY ANTOINE NOLAN,
Appellant

No. 05-21-00136-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F15-00427-M.
Opinion delivered by Justice Smith.
Justices Schenck and Garcia
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered March 10, 2021