**DISMISS and Opinion Filed May 12, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-21-00315-CR**
**No. 05-21-00316-CR**

**JORGE LUIS LORENTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-30915-H & F19-30916-H**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Partida-Kipness

On March 17, 2021, Jorge Luis Lorente filed pro se notices of appeal, challenging his two convictions for indecency with a child by sexual contact, each enhanced for punishment purposes by a prior felony conviction. On May 6, 2021, the clerk's records were filed. After reviewing the records, we dismiss these appeals for want of jurisdiction.

An appellate court has jurisdiction to determine an appeal only if the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). When the appellate court's jurisdiction is not legally invoked, the court's power to act is as absent as if it did not exist. *Olivo v. State*, 918 S.W.2d 519, 523

(Tex. Crim. App. 1996). Appellate courts may consider criminal appeals only after final conviction or the entry of a narrow set of appealable interlocutory orders and the filing of timely filed notices of appeal. TEX. R. APP. P. 26.2(a)(1); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

A timely filed notice of appeal is required to invoke this Court's jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In the absence of a timely filed notice of appeal, we have no option other than to dismiss the appeal. *Id*. A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed, or within ninety days after sentencing if the defendant timely filed a motion for new trial, a written notice of appeal showing his desire to appeal. *See* TEX. R. APP. P. 25.2(b), (c), 26.2(a).

The trial court entered the judgments on February 26, 2020; absent timely filed motions for new trial, appellant's notices of appeal were due on March 27, 2020. *See* TEX. R. APP. P. 26.2(a). Because appellant's pro se notices of appeal were filed on March 17, 2021, they were untimely, and we lack jurisdiction over these appeals.

We further note that appellant entered into plea bargains with the State in which he agreed to plead guilty and waive his right to appeal in exchange for the State's recommendation that he receive a thirty-year sentence in each case.[1] And the

---

[1] Indecency with a child by sexual contact is a second-degree offense with a punishment range of not more than twenty years or less than two years.. TEX. PENAL CODE ANN. §§ 12.33(a), 21.11(d). Because

trial court certified each case was a plea bargain and that appellant waived his right to appeal.

When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014). For the above reasons, we conclude we lack jurisdiction over these cases.

We dismiss the appeals for want of jurisdiction.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210315F.U05

---

appellant had a prior felony conviction which raised the punishment range for each of his offenses to that of a first-degree offense, the thirty-year sentence was within the appropriate punishment range. *Id*. §§ 12.32, 12.42(b).



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

JORGE LUIS LORENTE, Appellant

No. 05-21-00315-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas Trial Court Cause No. F19-30915-H. Opinion delivered by Justice Partida-Kipness. Justices Myers and Garcia participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered May 12, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

JORGE LUIS LORENTE, Appellant

No. 05-21-00316-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas Trial Court Cause No. F19-30916-H. Opinion delivered by Justice Partida-Kipness. Justices Myers and Garcia participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered May 12, 2021