**DISMISS and Opinion Filed June 17, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00077-CR**
**No. 05-21-00078-CR**
**No. 05-21-00079-CR**
**No. 05-21-00080-CR**
**No. 05-21-00081-CR**
**No. 05-21-00082-CR**

**MAHSA PARVIZ-KHYAVI, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 219-83499-2017, 219-81286-2018, 219-81679-2018,**
**219-82552-2019, 219-85015-2019 & 219-82928-2020**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Smith

On February 4, 2021, Mahsa Parviz-Khyavi filed pro se notices of appeal in the above cases. In the notices, she states she is appealing the "final judgment signed by [the trial court] on JANUARY 5, 2021."

After the clerk's records were filed, we notified appellant and the State that we had questions regarding our jurisdiction over these appeals. We directed the

parties to file jurisdictional letter briefs on the issue.[1]  To date, neither party has responded.  For the reasons that follow, we dismiss these appeals.

An appellate court has jurisdiction to determine an appeal only if the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). When the appellate court's jurisdiction is not legally invoked, the court's power to act is as absent as if it did not exist. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). When an appellant waives her right to appeal as part of her plea bargain agreement with the State, a subsequent notice of appeal filed by her fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

---

[1] Although Parviz-Khyavi filed a pro se notice of appeal, the record reflected she was represented by counsel. We sent the jurisdictional letter to counsel of record.

Here, appellant agreed to plead guilty to attempt to commit kidnapping (219-85015-2019) and tampering with a governmental record (219-82928-2019) in exchange for the State's recommendation that she be sentenced to 550 days in state jail to be served concurrently. In each case, she waived her right to appeal in a written plea agreement which she signed, as did her trial counsel, the district attorney, and the trial court. On January 5, 2021, following the plea bargain agreements, the trial court found appellant guilty and assessed punishment at 550 days in state jail in each case to be served concurrently. The clerk's records reflect appellant's jail time credit of 558 days and contains the certification that appellant waived her right to appeal in each case. *See* TEX. R. APP. P. 25.2. Because the records support the trial court's certifications, we conclude appellant waived her right to appeal in appellate cause numbers 05-21-00081-CR and 05-21-00082-CR. We will dismiss those appeals.

In trial court cause numbers 219-83499-2017, 219-81286-2018, 219-81679-2018, and 219-82552-2019, the records contain no final judgment or appealable order dated January 5, 2021. Appellate courts may consider criminal appeals only after final conviction or the entry of a narrow set of appealable interlocutory orders. TEX. R. APP. P. 26.2(a)(1); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.). Because these appeals do not have a final judgment or other appealable order, we conclude we lack jurisdiction over appellate cause numbers 05-21-00077-CR, 05-21-00078-CR, 05-21-00079-CR, and 05-21-00080-CR. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

We dismiss these appeals for want of jurisdiction.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
210077F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAHSA PARVIZ-KHYAVI,
Appellant

No. 05-21-00077-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-83499-
2017.
Opinion delivered by Justice Smith.
Justices Molberg and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered June 17, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MAHSA PARVIZ-KHYAVI,
Appellant

No. 05-21-00078-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-81286-
2018.
Opinion delivered by Justice Smith.
Justices Molberg and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered June 17, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MAHSA PARVIZ-KHYAVI,
Appellant

No. 05-21-00079-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-81679-
2018.
Opinion delivered by Justice Smith.
Justices Molberg and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered June 17, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MAHSA PARVIZ-KHYAVI,
Appellant

No. 05-21-00080-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-82552-
2019.
Opinion delivered by Justice Smith.
Justices Molberg and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered June 17, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MAHSA PARVIZ-KHYAVI,
Appellant

No. 05-21-00081-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-85015-
2019.
Opinion delivered by Justice Smith.
Justices Molberg and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered June 17, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MAHSA PARVIZ-KHYAVI,
Appellant

No. 05-21-00082-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-82928-
2020.
Opinion delivered by Justice Smith.
Justices Molberg and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered June 17, 2021